UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TRAVIS HOYT, and PROGRESSIVE INSURANCE COMPANY,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | CV 07–3966 PA (AGRx)<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

A court trial was held on August 26, 2008. At the close of Michael Hoyt's ("Hoyt") case, the United States of America ("Government") moved for Judgment as a Matter of Law, which the Court construed as a Federal Rule of Civil Procedure 52(c) motion for judgment on partial findings. Having considered the testimony of the witnesses, the materials submitted by the parties, and after reviewing the evidence, the Court granted the Government's motion. Pursuant to Federal Rule of Civil Procedure 52(a), the Court makes the following findings of fact and conclusions of law.

**I.      FINDINGS OF FACT**

   1.      On April 27, 2000, at about 6:30 p.m., Hoyt, who was operating a year 1991 Harley-Davidson motorcycle insured by plaintiff Progressive Insurance Co. ("Progressive"),

1   was involved in a traffic collision with Sergeant Gregory Florey ("Florey"), who was
2   operating a government-owned, year 2000 Dodge Stratus four-door sedan.
3       2.   At the time of the accident, Florey was acting within the course and scope of
4   his employment with the Government.
5       3.   Hoyt and Florey were traveling in the northbound lanes of freeway "SR 170" at
6   the time of the accident.
7       4.   Florey, in preparing to change lanes, looked in his review mirror and side
8   mirror, signaled, looked in his side mirror again and, seeing that it was safe to do so, began
9   to change lanes. Florey did not turn his head to check for vehicles before changing lanes.
10      5.   Hoyt, who was at the time operating a motorcycle and traveling between lanes
11  occupied by other vehicles, or "splitting lanes," was traveling at a speed exceeding that of
12  surrounding traffic, and could not stop in sufficient time to avoid hitting the rear bumper of
13  Florey's car.
14      6.   Florey's car sustained damage from the collision located on the rear bumper,
15  approximately midway between the driver-side edge of the bumper and the mid-point of the
16  bumper.

## II.   CONCLUSIONS OF LAW

18      1.   To have a cognizable claim under the Federal Tort Claims Act, 28 U.S.C. §
19  2671, et seq., the claim must arise from the negligent or wrongful act of a government
20  employee acting within the scope of his employment under circumstances where the United
21  States, if it were a private individual, would be liable under the law of the state where the
22  claim arose. 28 U.S.C. §§ 1346(b), 2674. California law is applicable because the accident
23  occurred in California. Id.
24      2.   In California, actionable negligence requires a legal duty to use care, breach of
25  that duty, and causation of injury. U.S. Liab. Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal. 3d
26  586, 594, 83 Cal. Rptr. 418 (1970). A Plaintiff must prove by a preponderance of the
27  evidence that the claimed damages were caused by the negligent act or omission of an
28  employee of the United States. 28 U.S.C. §§ 1346(b), 2674.

3. Richard C. Rinker ("Rinker"), Hoyt's Accident Reconstruction Expert, testified that Florey was responsible for the accident. Rinker's testimony is not credible because it contradicts Hoyt's testimony. Rinker testified that the damage to Hoyt's motorcycle is consistent with the right side of the motorcycle striking the left side of the car. However, Hoyt testified that the front-right part of his motorcycle struck the rear driver's side of Florey's bumper.

4. There was no evidence offered to show that Florey's failure to turn his head caused or contributed to the accident, or that the accident would not have occurred if Florey had turned his head to look. Florey neither caused nor contributed to the accident.

5. Hoyt's act of traveling between lanes occupied by other vehicles at a speed exceeding that of surrounding traffic is the sole cause of the accident.

6. Because plaintiff Progressive stipulated to recover only the value of Hoyt's motorcycle based on the percentage of liability attributed to Florey, Progressive can recover nothing.

IT IS SO ORDERED.

DATED: November 14, 2008 _____
Percy Anderson
UNITED STATES DISTRICT JUDGE